UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FRANCISCO ARIZNENDI-LUGO,

      Petitioner,

v.                                                    3:06-cv-206
                                                     3:03-cr-101

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Clerk is DIRECTED to serve a copy of the motion and this Memorandum Opinion and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

The petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), and to money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). He was sentenced to concurrent terms of imprisonment of 87 months, respectively. Petitioner's

sentence was based upon a two-level increase in his base offense level as a result of his conviction under 18 U.S.C. § 1956. *See* U.S.S.G. § 2S1.1(b)(2)(B). He now claims this two-level enhancement by the court without a jury's determination violated his right to be found guilty by a jury beyond a reasonable doubt. Petitioner refers to *United States v. Booker*, 543 U.S. 220 (2005), in support of this claim. He also makes passing reference to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The flaw in petitioner's reasoning is the fact that he *pleaded guilty* to money laundering. Therefore, he waived his right to have his guilt determined by a jury beyond a reasonable doubt. In addition, with respect to petitioner's *Apprendi* claim, his sentence of 87 months was less than the prescribed statutory maximum 40 years set forth in 21 U.S.C. § 841(b)(1)(B), the penalty section to which petitioner pleaded guilty. Therefore, *Apprendi* does not afford petitioner any relief.

It plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that the petitioner is not entitled to relief in this court and this action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be

taken in good faith and would be totally frivolous. Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. The petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ James H. Jarvis<br>
United States District Judge